**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In Re: Dividend Solar Finance, LLC, and Fifth Third Bank Sales and Lending Practices Litigation | MDL No. 24-3128 (KMM/DTS) |
| This Document Relates to: *State of Minnesota v. GoodLeap LLC, et al.*, No. 24-cv-1181 (KMM/DTS) | **ORDER ON THE STATE OF MINNESOTA'S MOTION TO REMAND** |

---

This matter is before the Court on the State of Minnesota's renewed motion to remand Case No. 24-cv-1811 (KMM/DTS). (MDL Dkt. No. 56; No. 24-cv-1181, Dkt. No. 61). For the reasons that follow, the State's motion is granted, and this matter is remanded to Hennepin County District Court.

When the State filed its original complaint in state court, it named four Defendants—GoodLeap LLC, Sunlight Financial LLC, Solar Mosaic LLC, and Dividend Solar Finance LLC. The State asserted the following five claims:

1. Count I – Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68–.70 (against all Defendants);

2. Count II – Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43–.48 (against all Defendants);

3. Count III – False Statement in Advertising Act, Minn. Stat. § 325F.67 (against all Defendants);

4. Count IV – Deceptive Lending, Minn. Stat. Ch. 56 (against GoodLeap, Sunlight, and Solar Mosaic);

5. Count V – Usury for Lending Businesses, Minn. Stat. §§ 56.01, 56.131, subd. 1(a), 56.18 & 47.59 (against GoodLeap, Solar Mosaic, and Dividend).

(Compl. ¶¶ 227–70, No. 24-cv-1181, Dkt. No. 1-1.)

Defendants Dividend and Sunlight Financial removed the case to federal court in April 2024. (Notice of Removal, No. 24-cv-1181, Dkt. No. 1.) The State moved to remand the case,

1

arguing that its Complaint raised only state law claims. (1st Mot. to Remand, No. 24-cv-1181, Dkt. No. 32.) In an Order dated October 2, 2024, the Court denied the State's motion, finding that the usury claim in Count V against Defendant Dividend was really a claim against Dividend's successor, Fifth Third Bank N.A. (Order at 10–19, No. 24-cv-1181, Dkt. No. 55.) Fifth Third is a national bank governed by the National Bank Act ("NBA"), and the NBA allows any national banking association to charge interest at the rate allowed by the laws of the state in which the bank is located. Consequently, state law usury claims brought against a national bank are completely preempted by the NBA, which transforms such a usury claim into a claim arising under federal law. (*See id.* at 9–10.) Therefore, the Court found that Fifth Third properly removed the action based on federal-question jurisdiction.

In its briefing on the first motion to remand and at the hearing, the State indicated that if the Court concluded that the usury claim was completely preempted by the NBA, it would amend its Complaint to remove that claim and then seek remand under 28 U.S.C. § 1441 and 28 U.S.C. § 1367(c). (State's 1st Reply Mem. at 4–5 & n.4, No. 24-cv-1181, Dkt. No. 43.) True to its word, the State filed an Amended Complaint on November 14, 2024, which includes an identical lineup of "Counts" from the original Complaint, with the one exception being the elimination of the usury claim against Dividend/Fifth Third in Count V. (Am. Compl. ¶¶ 225–67, No. 24-cv-1181, Dkt. No. 60; Am. Compl., MDL Dkt. No. 39.)

The State then renewed its motion to remand arguing that elimination of the usury claim against Dividend/Fifth Third removed the only claim over which the Court had federal-question jurisdiction. (State's 2nd Mot. to Remand, MDL Dkt. No. 56.) In support of its renewed remand motion, the State argued that the Court was required to remand claims under *Wullschleger v. Royal Canin U.S.A., Inc.*, which held that: (1) when, following removal, a plaintiff amends the complaint

2

to eliminate all federal-question claims, the district court must determine whether it has subject-matter jurisdiction based on the amended complaint; and (2) when the plaintiff has excised any federal-question claim by amendment, the district court cannot exercise supplemental jurisdiction over the state law claims that remain in the amended complaint. 75 F.4th 918, 921–24 (8th Cir. 2023).

However, when the State renewed its motion to remand, *Royal Canin* was pending before the United States Supreme Court on a writ of certiorari. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 144 S. Ct. 1455 (Apr. 29, 2024). The Defendants in the State's case took the position that this Court should wait to decide the State's renewed remand motion until after the Supreme Court issued its decision in *Royal Canin*. They argued that if the Supreme Court reversed, the Court should retain jurisdiction, and the remaining state law claims in the Amended Complaint would fall within the Court's supplemental jurisdiction. Further, they took the position that if *Royal Canin* was affirmed in full, they would not contest remand.[1] (Defs.' Opp'n, No. 24-cv-1181, Dkt. No. 66; MDL Dkt No. 77.)

As it happens, the parties and the Court did not need to wait long for the Supreme Court's decision in *Royal Canin*. On January 15, 2025, the Court affirmed the Eighth Circuit's decision. *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212 (Jan. 15, 2025). The Supreme Court held that "if, after removal, the plaintiff amends her complaint to delete all federal-law claims, leaving nothing but state-law claims behind[,] . . . the federal court [may not] adjudicate the now purely state-law suit[.]" *Id.* at *3. Further, the Court explained that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its

---

[1] Defendants also confirmed in their opposition that they no longer assert subject-matter jurisdiction over the State's other claims under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 548 U.S. 308 (2005). (MDL Dkt No. 77 at 2 n.1, 10.)

supplemental jurisdiction over the related state-law claims[, and] [t]he case must therefore return to state court." *Id.*; *see also id.* at *6 ("Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them.").

Based on the Supreme Court's decision in *Royal Canin*, the Court finds that the State's Amended Complaint supersedes its original Complaint, and the Court must determine whether subject-matter jurisdiction exists based on the amended pleading. As Defendants have conceded,[2] the State's Amended Complaint eliminates all federal-question claims from this litigation. Consequently, the Court cannot exercise supplemental jurisdiction over the remaining state law claims in the Amended Complaint, and this case "must therefore return to state court." *Royal Canin*, 2025 WL 96212, at *3.

### ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1.      The State of Minnesota's renewed motion to remand (MDL Dkt. No. 56; No. 24-cv-1181, Dkt. No. 61) is **GRANTED**.

2.      The Clerk of Court is directed to remand *State of Minnesota v. GoodLeap LLC, et al.*, No. 24-cv-1181 (KMM/DTS), to Hennepin County District Court.

Date: January 16, 2025                          *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge

---

[2] Defendants filed a notice on January 16, 2025 concerning the Supreme Court's decision in *Royal Canin* and reiterated that they do not oppose remand. (MDL Dkt. No. 92.)